Filed 11/2/22  P. v. Baker CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072712 |
| v. | (Super.Ct.No. CR56701) |
| MICHAEL SHAWN BAKER, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson, Michael D. Butera and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Michael Shawn Baker, filed a petition for resentencing pursuant to former Penal Code section 1170.95,[1] which the court denied. On appeal, defendant contended the court erred in summarily denying his petition based on the jury's true finding on a felony-murder special-circumstance allegation and by ruling on his petition prior to allowing his filing of a reply. By opinion filed October 30, 2020, we affirmed.

On September 28, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). On September 29, 2022, we ordered our decision vacated and set a briefing schedule.

Defendant argues that pursuant to *Strong*, the court erred in determining that the jury's true finding on the felony-murder special-circumstance allegation rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) made him ineligible for relief. Defendant maintains he made the requisite prima facie showing, and the matter should be remanded for the issuance of an order to show cause and the holding of an evidentiary hearing. The People

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

concede that the matter should be remanded for further proceedings. We reverse and remand the matter for reconsideration.

## I.  PROCEDURAL BACKGROUND[2]

On November 16, 1994, a jury found defendant guilty of first degree murder. (Pen. Code, § 187, count 1.)  The jury also returned a true finding on a special circumstance allegation under section 190.2, former subdivision (a)(17)(i) (now subd. (a)(17)(A); Stats 1995, ch. 478, § 2), that the murder was committed while defendant was engaged in the commission of a robbery.  The court sentenced defendant to life without the possibility of parole.  (*Baker*, *supra*, E015610.)

Defendant appealed.  By opinion filed on August 20, 1996, this court affirmed the judgment.  (*Baker*, *supra*, E015610.)

On January 7, 2019, defendant filed a form petition for resentencing under former section 1170.95.  On March 8, 2019, the People filed a response, in pertinent part, contending the petition should be summarily denied because defendant had not made a prima facie showing for relief.

The court held a hearing on the petition on April 19, 2019.  Defense counsel stated:  "We would be appearing, file a place holder, and ask for a stay, please."  The People informed the court that the jury found the robbery-murder special-circumstance

---

**2**  We take judicial notice of our prior opinion in *People v. Baker* (Aug. 20, 1996, E015610) [nonpub. opn.] (*Baker*), from defendant's appeal from the judgment, which was attached as an exhibit to the People's response to defendant's petition.  (§§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)

allegation true, and that the jury was given CALJIC No. 8.80.1, requiring that it find that defendant was a major participant who acted with reckless indifference. The court summarily denied the petition. Defense counsel objected.

## II. DISCUSSION

Defendant argues the court erred in denying his petition, and the matter should be remanded for the issuance of an order to show cause and the holding of an evidentiary hearing. The People concede the matter should be remanded for further proceedings. We reverse and remand the matter for a new prima facie hearing.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "As a general matter, a trial court should afford both parties the opportunity to brief the question of a petitioner's eligibility for relief and may extend the briefing deadlines 'for good cause' as necessary to ensure that such an opportunity is meaningful." (*Lewis*, *supra*, 11 Cal.5th at p. 966, fn. 4.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid*.)

5

Where a defendant's "case was tried before both *Banks* and *Clark*, . . . special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

If, instead, a defendant has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, "the court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Id.* at p. 709.) "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Id.* at p. 710.)

Here, the jury rendered the special murder circumstance finding long before both *Banks* and *Clark* were decided.  With respect to those findings, "no judge or jury has ever found the *currently* required degree of culpability . . . ."  (*Strong*, *supra*, 13 Cal.5th at p. 718, italics added.)  Thus, as we originally determined, the felony-murder special-circumstance finding did not, alone, render defendant per se ineligible for relief.  Therefore, the court below erred in denying defendant's petition on that basis.

## III.  DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded with directions to hold a new prima facie hearing.  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.

We concur:


RAMIREZ
P. J.


MENETREZ
J.

7